UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| GARY A. JACKSON, SR., | ) |
| :--- | :--- |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cause No. 1:16-cv-2551-WTL-MPB |
| BRUCE LEMMON, et al., | ) ) ) |
| Defendants. | ) ) |

## ENTRY ON PENDING MOTIONS

This cause is before the Court on the following motions filed by the Plaintiff: Motion for Leave to File Second Amended Complaint and Withdraw First Amended Complaint (Dkt. No. 59)[1]; Motion for Sanctions (Dkt. No. 67); Motion for Full Electronic Filing (Dkt. No. 74); Motion for Emergency Hearing (Dkt. No. 77); Motion for Recusal (Dkt. No. 79); and Second Motion for Recusal (Dkt. No. 81). Also before the Court is the Defendants' Motion for Summary Judgment (Dkt. No. 63). The Court **DENIES** the Plaintiff's motions and **GRANTS** the Defendants' motion for summary judgment for the reasons set forth below.

### I. BACKGROUND

In May 2013, Gary Jackson was convicted of Sexual Misconduct with a Minor, a C Felony, and was sentenced to home detention and probation. He violated the terms of his probation, and his probation was revoked on July 16, 2015. He then was sentenced to two years in the Indiana Department of Correction ("IDOC"). In July 2016, Mr. Jackson was released to

---

[1]The Plaintiff's earlier motion for leave to amend the complaint (Dkt. No. 57) is **DENIED AS MOOT** in light of the filing of Dkt. No. 59.

parole and subject to the Parole Stipulations for Sex Offenders. Among other restrictions, the parole conditions restrict a parolee's contact with children. Mr. Jackson's parole ended on July 12, 2017.

Following this Court's ruling on the Defendants' motion to dismiss (Dkt. No. 44), three claims, all related to alleged violations of procedural due process, remained: (1) the claim against the Indiana Parole Board for failing to provide an individualized assessment before applying any parole condition other than those listed in Indiana Code § 11-13-13-3-4; (2) the claim against the Indiana Parole Board for "setting a standard form" and not instructing employees how to determine which conditions apply to parolees; and (3) the claim that Agent Pine did not give Mr. Jackson a 10-day notification and chance to be heard regarding the GPS-monitoring condition. The Court interpreted the first two claims as having been brought against each of the Parole Board Members in that member's official capacity.

Mr. Jackson then sought to name each Parole Board Member in his individual capacity so that he could seek monetary damages from each member as an individual. The Court denied that motion, finding that any claim that Mr. Jackson brought against the Parole Board Members in their individual capacities would necessarily be based on their decision regarding his parole, not the procedural due process claims that remained in this case. As the Court pointed out, it is well settled that parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole. *Smith v. Gomez,* 550 F.3d 613, 619 (7th Cir. 2008); *Wilson v. Kelkhoff,* 86 F.3d 1438, 1444 (7th Cir. 1996). The Court further pointed out that if Mr. Jackson succeeded on the claims that remained before the Court, he would be entitled only to have the Indiana Parole Board reconsider his conditions of parole to remedy any constitutional due process violation. *See* Dkt. No. 52.

## II. DISCUSSION

### A. Plaintiff's Motions

#### 1. Motion for Leave to File Second Amended Complaint

Mr. Jackson has filed a motion for leave to file a second amended complaint and motion to withdraw the first amended complaint. Under the Federal Rules of Civil Procedure, a party may amend a complaint "with the opposing party's written consent or the court's leave," which "should [be] freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2); *see Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008). Although Rule 15 provides for a liberal pleading standard, a district court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

"A district court does not abuse its discretion in denying leave to amend if the proposed repleading would be futile . . . ." *Garcia v. City of Chicago,* 24 F.3d 966, 970 (7th Cir. 1994) (internal citations omitted); *see also Tribble v. Evangelides,* 670 F.3d 753, 761 (7th Cir. 2012) ("District courts have broad discretion to deny leave to amend . . . where the amendment would be futile."). Futile repleadings include restating the same facts using different language, reasserting claims that have been previously determined, and the inability to survive a motion to dismiss. *See Garcia*, 24 F.3d at 970 (internal citations omitted); *Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir. 1992). For the reasons explained below, the proposed repleading would be futile.

First, to the extent that Mr. Jackson attempts to assert claims under 42 U.S.C. §§ 1981, 1985, or 1986, those claims would be futile, as those statutes relate to race or class-based discrimination, which Mr. Jackson does not allege. *See*, *e.g., Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 892 (7th Cir. 2016) ("Section 1981 causes of action are limited to discrimination claims based on race.") (citations omitted); *Smith*, 550 F.3d at 617 ("Section 1985(3) prohibits a

conspiracy to deprive another of equal protection under the law . . ., but the conspiracy must be motivated by racial[ ] or other class-based discriminatory animus" and "status as a parolee is not considered a 'suspect class' for equal-protection purposes."); *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016) (failure of a § 1985 claim defeats a § 1986 claim).

That leaves Mr. Jackson's § 1983 claims. To the extent that Mr. Jackson seeks to assert claims against Liberty Behavioral Health Corporation, Indiana Sex Offender Monitoring and Management (INSOMM); Indiana Department of Corrections (IDOC); Indiana Parole District 3; Indiana Parole Board; and Indiana Attorney General's Office, those claims are not viable under § 1983, as none of those entities is a person and therefore none is subject to suit under § 1983. *See, e.g.*, *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989).

Next, any claim asserted in the proposed second amended complaint against any defendant in his or her official capacity also would be futile, as Mr. Jackson could not recover damages or receive injunctive relief. The Eleventh Amendment generally precludes a citizen from suing a state or one of its agencies or departments for money damages in federal court. *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). Moreover, "[t]his bar remains in effect when State officials are sued for damages in their official capacity . . . [as] a judgment against a public servant in his official capacity imposes liability on the entity that he represents." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (quotations and citations omitted). Likewise, any claim seeking injunctive relief would be futile. A plaintiff bringing a claim under § 1983 has standing to seek injunctive relief "only if he has a personal stake in the outcome of the litigation." *Stewart v. McGinnis*, 5 F.3d 1031, 1037 (7th Cir. 1993) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)); *see also Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th

Cir. 2000). Mr. Jackson is no longer on parole, so he could not bring a claim seeking injunctive relief related to his parole or the process by which parole is imposed.

Furthermore, any claim that Mr. Jackson seeks to bring against any of these persons in their individual capacity would be futile because the claim would be unable to survive a motion to dismiss on qualified immunity grounds. With respect to qualified immunity, Jackson has not alleged facts to support a claim against any individual for an alleged violation of a right that was clearly established at the time of the individual's actions. *See, e.g.*, *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015). "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). To be clearly established, there must be controlling precedent from the United States Supreme Court, the United States Court of Appeals, or the highest court in the state. *See Lane v. Franks*, 134 S. Ct. 2369 (2014). "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it. In other words, existing precedent must have placed the statutory or constitutional question confronted by the official beyond debate." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (quotations and citations omitted). Qualified immunity "give[s] government officials breathing room to make reasonable but mistaken judgment about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). Here, the Court has not been able to find, nor has Jackson presented, existing precedent that places the question beyond debate.[2]

---

[2] Mr. Jackson relies heavily on the decision in *Bleeke v. Server*, 2010 WL 299148 (N.D. Ind. Jan. 19, 2010). However, that unpublished district court decision does not create a clearly established right such that it would overcome qualified immunity. Nor does *Bleeke v. Lemmon*, 6

5

The Court previously dismissed claims related to the conditions of Mr. Jackson's parole or a violation of his plea agreement, and the similar claims he seeks to bring would be futile for the reasons previously explained.[3] As the Court previously noted, the general rule is that a plaintiff may not proceed on claims under 42 U.S.C. § 1983 that challenge the fact, duration, or validity of his custody unless he first obtains a ruling that his conviction or sentence has been reversed, expunged or invalidated in state court. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Because Mr. Jackson sought to challenge aspects of his parole conditions and parole conditions that were part of his "custody," he could not pursue these claims in this Section 1983 suit. *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) ("Attacks on the fact or duration of the confinement come under § 2254 [the statute on habeas corpus petitions]. . . . For parolees, the question is more metaphysical, because the 'conditions' of parole are the confinement." (citations omitted)).

Likewise, as the Court previously has explained, any of Mr. Jackson's claims that challenged the conditions of his release on the alleged ground that they violated his plea agreement in a Section 1983 action would necessarily imply the invalidity of his sentence or conviction, a challenge Mr. Jackson could have made in state court or in a petition for habeas corpus after he had exhausted his state court remedies.[4] *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) ("Clemente is challenging his sentence based on his understanding that the plea

---

N.E.3d 907 (2014), a decision of the Indiana Supreme Court cited by Mr. Jackson, aid Mr. Jackson in this regard. The Indiana Supreme Court specifically indicated that the question of whether the Indiana Parole Board needed to develop individualized assessments for each parolee prior to imposing parole conditions was not before it; as such, the court did not address whether such assessments were constitutionally compelled.

[3] Further, any claims for injunctive relief would be moot, given that Mr. Jackson is no longer on parole.

[4] Again, this claim is now moot, as Mr. Jackson is no longer on parole.

agreement required that his state and federal sentences should run concurrently. Granting Clemente's request would imply the invalidity of his sentence because he is challenging the duration of his confinement.").

Finally, the remainder of Mr. Jackson's claims in his proposed amended complaint related to the named individuals' allege failures to provide Mr. Jackson with due process, either in setting the terms of his parole, allowing him to be subjected to terms of his parole, implementing the terms of his parole, or providing legal counsel to individuals or entities regarding the terms of his parole. The Court's ruling on the Defendants' motion for summary judgment disposes of these claims, and any duplicate claims contained in the tendered Second Amended Complaint would be futile.

For the foregoing reasons, Mr. Jackson's motion to file a second amended complaint is **DENIED**.

### 2. Motion for Sanctions

Mr. Jackson has filed a motion to sanction defense counsel, alleging that defense counsel filed "a false extension of time to bolster the Defendants' claims for Summary Judgment." Dkt. No. 67 at 1. Specifically, Mr. Jackson argues that Defendants filed the motion only to delay the case until Mr. Jackson would be released from parole. There is nothing to suggest that counsel's stated reason for the suggested extension is untrue, and certainly nothing about the extension of time was unusual. Further, as the Defendants point out, Mr. Jackson was not prejudiced by the extension. The Defendants would have been able to raise the mootness argument at any time. Further, the Court would have had to examine whether Mr. Jackson's issues were moot even if the Defendants had not raised the argument. *See Killian v. Concert Health Plan*, 742 F.3d 651, 684 (7th Cir. 2013). Moreover, even if no extension had been granted, the Court would not have

had the opportunity to rule on the motion before Mr. Jackson's parole ended. Accordingly, the motion (Dkt. No. 67) is **DENIED**.[5]

### 3. Motions for Recusal

Mr. Jackson also has filed two motions to recuse (Dkt. Nos. 79 & 81). Mr. Jackson points to the fact that the Court granted the Defendants' motion for extension of time while Mr. Jackson's motions have not yet been addressed by the Court. The Court notes that the Defendants' motions were granted by the Magistrate Judge, not the undersigned, and they are the type of routine motion on which a magistrate judge typically rules quickly. By contrast, Mr. Jackson's motions were of a more substantive nature and required a ruling by the undersigned. As court staff has explained to Mr. Jackson on several occasions, they were placed in the queue of motions awaiting the Court's attention. Unfortunately, due to the judicial emergency that has existed in the Southern District of Indiana since 2014 and the ever-increasing caseloads that have resulted in judges within this district having the second highest weighted caseload in the country, the Court has been unable to issue rulings as quickly as it—and litigants—would like. Any delay in addressing Mr. Jackson's motions was caused solely by the Court's busy docket, not by any bias against Mr. Jackson. As Mr. Jackson has not proffered valid reasons for recusal in his motions, *see New York City Housing Dev. Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir. 1986), the Court **DENIES** his motions to recuse (Dkt. Nos. 79 & 81).

### B. Defendants' Motion for Summary Judgment

The Defendants have filed a motion for summary judgment as to the claims that remained following the Court's ruling on the Defendants' motion to dismiss. (Dkt. No. 63). Federal Rule

---

[5] Likewise, Mr. Jackson's Motion for Emergency Hearing related to this motion (Dkt. No. 77) is **DENIED**.

of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.").

As noted above, three claims from Mr. Jackson's original complaint survived the Defendants' motion to dismiss:

> 66. The Indiana Parole Board has a Constitutional Obligation, to provide a Procedure in Conducting an Individualized assessment before applying any Parole Condition other than those listed in IC 11-13-3-4(A).
>
> 67. The Indiana Parole Board violated Plaintiff (GJ)'s Constitutional Rights by setting a standard State form 49108 and not instructing Agents and their Supervisor's the correct way to decide which conditions apply to each Parolee.
>
> 68. Agent Pine violated Plaintiff (GJ)'s Procedural Due Process right by not giving him the required 10 day notification, as required under IC 11-13-3-4(D) and a chance to be heard or oppose the GPS Monitor being placed upon him.

Dkt. No. 1 at 13-14.

The first two claims against the Indiana Parole Board were brought against the parole board members in their official capacities.[6] As such, only injunctive relief, not monetary

---

[6] In his response, Mr. Jackson argued that he also brought suit against the parole board members in their individual capacity. However, as noted above, parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole. *Smith*, 550 F.3d at 619; *Wilson v. Kelkhoff,* 86 F.3d 1438, 1444 (7th Cir. 1996). As such, any claims against them in their individual capacities would likewise fail. Moreover, because there is no theory of respondeat superior for constitutional torts, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

damages, was possible. Because Mr. Jackson is no longer on parole, no injunctive relief is possible. Accordingly, his claims against the parole board members are now moot. Likewise, his claims against Agent Pine in her official capacity are also moot.

Mr. Jackson alleged that Agent Pine violated his due process rights by failing to follow Indiana Code § 11-13-3-4(d) by not giving him a ten-day notification and chance to be heard regarding the GPS-monitoring condition that was imposed on him while he was on parole. However, failure to follow state law is not a federal violation because "a violation of state law . . . is not a denial of due process, even if the state law confers a procedural right." *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993). Moreover, Indiana Code § 11-13-3-4(d), the ten-day notification requirement, including a chance to be heard, applies only to modifications of parole conditions. As the Defendants point out, Mr. Jackson signed the original parole conditions and stipulations in which he "agree[d] to permit the installation, maintenance and operation of any electronic monitoring equipment in both [his] home and on [his] body." Dkt. No. 65-2 at 3. He also signed and initialed the GPS Offender Agreement and Contract, in which he "agree[d] to permit the installation, maintenance and operation of any electronic monitoring equipment in both [his] home and on [his] body." Dkt. No. 65-3 at 1. Even if the GPS condition was a modification such that Section 11-13-3-4-(d) would apply, Jackson was notified of the GPS condition on July 14, 2016, but was not enrolled in the electronic monitoring system until August 4, 2016, thereby negating any claim that he did not receive adequate notice. As such, Jackson has not pointed to facts that support any federal due process violations by Agent Pine. For the foregoing reasons, the Defendants' motion for summary judgment is **GRANTED**.[7]

---

[7] The motion for electronic filing (Dkt. No. 74) is **DENIED AS MOOT**, as this Entry and the Court's ruling on the Defendants' motion for summary judgment close this case.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 57) is **DENIED AS MOOT**; the Plaintiff's Motion for Leave to File Second Amended Complaint and Withdraw First Amended Complaint (Dkt. No. 59) is **DENIED**; the Plaintiff's Motion for Sanctions (Dkt. No. 67) is **DENIED**; the Plaintiff's Motion for Full Electronic Filing (Dkt. No. 74) is **DENIED AS MOOT**; the Plaintiff's Motion for Emergency Hearing (Dkt. No. 77) is **DENIED**; the Plaintiff's Motion for Recusal (Dkt. No. 79) is **DENIED**; and the Plaintiff's Second Motion for Recusal (Dkt. No. 81) is **DENIED**. The Defendants' Motion for Summary Judgment (Dkt. No. 63) is **GRANTED**.

**SO ORDERED: 11/17/17**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Gary Jackson**
**5120 Reeder St.**
**Indianapolis, IN 46203**

Copies to all counsel of record via electronic notification

**Copy to Plaintiff via email: garysr1974@gmail.com**